Joseph M. Ferguson v. Commissioner.
Ferguson v. Commissioner
Docket No. 68500.
United States Tax Court
T.C. Memo 1959-236; 1959 Tax Ct. Memo LEXIS 15; 18 T.C.M. (CCH) 1135; T.C.M. (RIA) 59236; December 14, 1959
*15 Joseph M. Ferguson, pro se, 1241 North 6th Street, Milwaukee, Wis. Rex A. Guest, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined deficiencies in the income tax of the petitioner in the amount of $457 for the taxable year 1954 and $494.96 for the taxable year 1955. The issue for decision is whether or not petitioner properly listed as dependents Sandra, Tyann, Phyliss, and Romel Ferguson. Petitioner, a resident of Milwaukee, Wisconsin, filed his individual income tax returns for the taxable years 1954 and 1955 with the district director at Milwaukee, Wisconsin. He represented himself upon the hearing of this case and testified in his own behalf, his testimony, together with documentary evidence of $20 expended by him for Christmas presents for his children December 20, 1955, being the only evidence offered in this case by the petitioner. The record discloses that $2,329 was furnished the wife of petitioner during the year 1954 as Aid to Dependent Children by the Milwaukee County Department of Public Welfare and that during the year 1955 the amount of $2,400 was furnished by that agency for the same purpose to petitioner's *16 wife. The record further discloses that during the years in issue petitioner and his wife were separated and that the children named above lived with the wife and that under a court order, issued by a court undisclosed in this record, petitioner furnished $846 for the support of his minor children in the year 1954 and $929 for the same purpose in the year 1955. No showing is made whatsoever with respect to other support furnished the children other than that furnished by the father, and no showing is made as to whether or not petitioner's wife, the mother of the children, was employed during either of said years or furnished them support in her own behalf. The record does disclose, however, when viewed most favorably to the petitioner, that he expended the amount of $265.75 in the year 1954 and $207.75 in the year 1955 for the support of the children in addition to the amounts heretofore stated as having been paid under order of the court. The extra expenditures were for clothing, entertainment, birthday presents, beauticians, school, and Christmas presents. We find the facts disclosed by the record as above noted. Based solely upon the amounts expended by the Milwaukee County *17 Department of Public Welfare as Aid to Dependent Children for each of the years at issue, mathematical computation shows that petitioner has failed to sustain his burden of showing that his total expenditures on behalf of said children during either of those years equaled or exceeded 50 per cent of those amounts under sections 151(e)(1)(B) and 152(a) of the Internal Revenue Code of 1954. It may well be that, having lived with their mother during the years at issue, the children received in addition to all other support shown by this record some support from their mother. Because of petitioner's failure to sustain his burden of proof, the respondent's determination of deficiencies is sustained. Decision will be entered for the respondent.